IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VINCENT DOYLE, BRANDON SAENZ, DAVID MCKEE, RANDI ROGERS, and TASIA WILLIAMS,<br><br>   Plaintiffs,<br><br>v.<br><br>COMBINED SYSTEMS, INC. and PENN ARMS,<br><br>   Defendants. | Civil Action No. 3:22-CV-01536-K |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs Vincent Doyle, Brandon Saenz, David McKee, Randi Rogers, and Tasia Williams's Motion for Leave to File Third Amended Complaint (the "Motion for Leave"), Doc. No. 43, and Plaintiffs' Supplemental Brief in Support of Plaintiffs' Motion for Leave to File Third Amended Complaint. Doc. No. 45. Upon consideration of the same, the Court **GRANTS** the Motion for Leave in part and **DENIES** it in part. Plaintiffs propose only negligible changes to their strict liability marketing defect and negligent and false marketing (negligent failure to warn) claims, which the Court already dismissed. None of those changes is responsive to the Court's order of dismissal, so the Court **DISMISSES** those claims with prejudice. Plaintiffs propose more extensive changes to their remaining claims, and Defendants Combined Systems, Inc. and Penn Arms do not oppose amendment of those claims.

1

Without expressing an opinion on their merits, the Court will permit their amendment as proposed.

## I. BACKGROUND

Plaintiffs allegedly suffered injuries when police officers shot them using rubber bullets and launchers sold by Defendants. Doc. No. 43-1 ¶¶ 21–37. Plaintiffs previously sought to hold Defendants liable for the injuries under the Texas Deceptive Trade Practices Act (the "DTPA") and under strict liability marketing defect, negligent failure to warn, and implied warranty of fitness theories. Doc. No. 14 ¶¶ 43–63.

On September 11, 2023, the Court issued a thirty-five page memorandum opinion and order dismissing Plaintiffs' claims in their entirety without prejudice. Doc. No. 40. The Court first found that the Protection of Lawful Commerce in Arms Act ("PLCAA") barred Plaintiffs' strict liability marketing defect and negligent failure to warn claims. Pub. L. No. 109-92, 119 Stat. 2095 (2005) (codified at 15 U.S.C. §§ 7901–7903); Doc. No. 40 at 19. The Court also found that Plaintiffs' warranty and DTPA claims failed on the merits.

In the interest of providing Plaintiffs guidance if they sought to amend their claims, the Court provided additional analysis. Doc. No. 40 at 27. The Court explained that "Plaintiffs' strict liability marketing defect claim, though barred by the PLCAA, is otherwise adequately pled." *Id.* at 30. The Court came to a different conclusion with respect to Plaintiffs' negligent failure to warn claim, dismissing the claim as "barred by the PLCAA" and for "failure to plausibly allege duty or causation." *Id.*

at 31. As the Court observed, Plaintiffs confusedly alleged that Defendants breached a duty to warn the general public about the dangers of Defendants' products and then argued in their briefing that the duty was to warn the police officers who shot Plaintiffs. *Id.* at 30. The Court found that Plaintiffs had not established that any duty ran specifically to them regardless of the theory of duty advanced. *Id.* Assuming to the contrary that Plaintiffs' theory of a duty running to the general public was viable, the Court also expressly found that Plaintiffs had not plausibly alleged how Defendants' purported breach of a duty to warn the general public about their products caused Plaintiffs' harm. *Id.* at 31. The Court noted that Plaintiffs apparently had no choice in the use of Defendants products against them. *Id.*

Plaintiffs subsequently submitted their pending Motion for Leave to file a third amended pleading. Doc. No. 43. Plaintiffs propose a number of changes to the warranty and DTPA claims the Court dismissed. Doc. No. 43-2 ¶¶ 53–64. Although Plaintiffs also seek to reassert their strict liability marketing defect and negligent failure to warn claims, Plaintiffs do not propose to amend any of the allegations supporting the strict liability claim, and Plaintiffs' sole proposed amendment to their negligent failure to warn claim is the allegation that the duty to warn Defendants purportedly owed to the general public is a duty "to warn of and make safe the dangers created by their products." *Id.* ¶¶ 43–52.

Concerned that Plaintiffs had not seriously attempted to remedy the issues the Court identified with Plaintiffs' strict liability marketing defect and negligent failure to

3

warn claims, the Court ordered Plaintiffs to file a supplemental brief explaining why their proposed allegations state a claim under applicable law, including the Court's dismissal order. Doc. No. 44 at 2. The Court warned Plaintiffs that it was inclined deny them leave to amend their strict liability and negligent failure to warn claims and to dismiss those claims with prejudice. *Id.* at 1–2. Plaintiffs filed a supplemental brief in response. Doc. No. 45.

## II. DISCUSSION

While the Court appreciates the helpful clarification of Plaintiffs' thinking set forth in their supplemental briefing, the Court remains convinced that the Plaintiffs' proposed amendments are impermissible. In its dismissal order, the Court unequivocally stated that the PLCAA bars Plaintiffs' strict liability marketing defect and negligent failure to warn claims. Doc. No. 40 at 30–31. Plaintiffs ignore this holding with respect to their negligent failure to warn claim, suggesting that the Court relied solely on deficiencies in the merits of Plaintiffs' pleading to dismiss the claim. Doc. No. 45 at 2. Plaintiffs pay lip service to the Court's holding with respect to their strict liability marketing defect claim, contending that they did not need to amend the claim because the Court stated that, "though barred by the PLCAA, [the claim] is otherwise adequately pled." *Id.* That is not a credible interpretation of the Court's order. Plaintiffs wisely stop short of suggesting that their proposed allegations, which are unchanged or nearly unchanged from the ones the Court considered when it dismissed their claims,

4

can survive the application of the PLCAA. Plaintiffs also do not contend that they can amend their allegations to bring them within exceptions to the PLCAA.

The Court finds Plaintiffs' attack on its analysis of the merits of Plaintiffs' negligent failure to warn claim similarly unpersuasive. Plaintiffs candidly admit that they "did not amend [the claim] significantly because they believe they adequately pled" the claim. *Id.*

Attempting to supply the valid duty to warn the Court found missing in Plaintiffs' nearly-identical second amended pleading, Plaintiffs contend in their supplemental brief that Defendants had a duty to warn the general public about their products through their police officer customers. *Id.* at 2–3. According to Plaintiffs, this duty arises from *Alm v. Alcoa*, 717 S.W.2d 588, 591 (Tex. 1986). Setting aside the fact that Plaintiffs have never pled and never filed a proposed complaint pleading that Defendants were obliged to warn the general public about their products through intermediaries, the Court disagrees that *Alcoa* recognizes a duty compelling Defendants to warn the general public about their products. The question before the court in *Alcoa* was whether the defendant had a "duty to warn consumers," and the court answered that the defendant did, but the defendant might be able to discharge the duty by warning downstream manufacturers instead. *Id.* at 589, 592. Neither Plaintiffs nor the public writ large are "consumers"—or even users—of Defendants products. As Plaintiffs emphasize in their supplemental brief, third parties use the products "*on the Plaintiffs*." Doc. No. 45 at 5 (emphasis in original).

5

The Court likewise declines to disturb its holding that Plaintiffs failed to plausibly plead causation based on allegations that Plaintiffs have not meaningfully amended. In their briefing, Plaintiffs simply allege that Defendants' conduct caused their harm, but that is not enough; Plaintiffs must allege that Defendants' negligent conduct—their purported breach of a duty to Plaintiffs—caused Plaintiffs' harm. *See Gen. Motors Corp. v. Saenz ex rel. Saenz*, 873 S.W.2d 353, 357 (Tex. 1993) (duty to warn ran to users of product, so causation analysis depended on the effect an allegedly inadequate warning had on users); *Doe v. Boys Clubs*, 907 S.W.2d 472, 477 (Tex. 1995) (assuming a duty to investigate personnel, causation depended on the consequences of defendant's alleged failure to investigate). Plaintiffs' theory of duty does not match their theory of causation. Plaintiffs' theory of duty is that Defendants should have warned the general public about the dangers of their products. Doc. No. 45 at 5–6. Plaintiffs' theory of causation is that Defendants should have warned their officer customers as a means of discharging their duty to warn the general public, which purportedly would have taught the officers not to shoot Plaintiffs. *Id.* Defendants' alleged wrong was not their purported failure to warn the officers—the key element in their theory of causation—but their purported failure to warn the public—through the intermediation of the officers, as Plaintiffs now suggest, or otherwise. The Court reiterates its conclusion that any wrong Defendants committed by failing to warn the general public about the dangers of their products did not plausibly cause Plaintiffs' harm since police officers, not the public, controlled the use of the products on Plaintiffs. Doc. No. 40 at 31.

### III. CONCLUSION

The Court has carefully considered the factors favoring and disfavoring Plaintiffs' proposed amendment. *SGK Props., L.L.C. v. United States Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018); *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021). Having done so, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' Motion for Leave to amend their pleading. The Court concludes that Plaintiffs have not seriously attempted to cure the deficiencies the Court identified in their pleading of their strict liability marketing defect and negligent failure to warn claims and that Plaintiffs' proposed amendments are futile. *Ho-Huynh v. Bank of Am., N.A.*, 2014 WL 12599510, at *5 (S.D. Tex. Nov. 14, 2014). The Court **DISMISSES** Plaintiffs' strict liability marketing defect and negligent and false marketing (negligent failure to warn) claims with prejudice. The Court permits Plaintiffs to make unopposed amendments to their remaining claims without expressing any opinion on their merits. Plaintiffs **SHALL FILE** their proposed amended complaint, revised to exclude the dismissed claims, no later than seven days after the entry of this order. The ordinary deadlines shall apply to Defendants' answer or motion to dismiss the pleading Plaintiffs file.

**SO ORDERED**.

Signed October 30th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE