IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT DOYLE, BRANDON SAENZ, DAVID MCKEE, RANDI ROGERS, and TASIA WILLIAMS<br>    *Plaintiffs*,<br><br>v.<br><br>COMBINED SYSTEMS, INC. and PENN ARMS,<br>    *Defendants* | §§§§§§§§§§§§ | Civil Action No. 3:22-cv-01536-K |

### DEFENDANTS COMBINED SYSTEMS, INC. AND PENN ARMS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

TO THE HONORABLE JUDGE ED KINKEADE:

COME NOW, Defendants COMBINED SYSTEMS, INC. (hereinafter "CSI") and PENN ARMS ("PENN") and file this their this Reply Brief in support of Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint for failure to state a claim, requesting the Court dismiss Plaintiffs' Third Amended Complaint against Defendants.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................ii

TABLE OF AUTHORITIES .........................................................................................................iii

I.    ARGUMENTS AND AUTHORITIES................................................................................1

        A.    THE TEXAS DECEPTIVE TRADE PRACTICES ACT CAUSE OF
ACTION MUST BE DISMISSED........................................................................................1

            i.    *Plaintiffs do not qualify as consumers under the Texas DTPA* ..........................................................................................................1

            ii.    *Rule 9(b)'s heightened pleading standard applies and has not been satisfied* ...............................................................................2

            iii.    *Plaintiffs have failed to plausibly allege detrimental reliance* ...............................................................................................3

        B.    THE BREACH OF IMPLIED WARRANT OF MERCHANTABILITY
CAUSE OF ACTION MUST BE DISMISSED ...................................................................5

            i.    *Plaintiffs have not, and cannot, satisfy the requirement of pre-suit notice* .......................................................................................5

            2.    *Plaintiffs have failed to plausibly alleged Defendants' products were not merchantable* ................................................8

II.    CONCLUSION......................................................................................................................9

III.    PRAYER................................................................................................................................9

# TABLE OF AUTHORITIES

**FEDERAL CASE LAW**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .............................................................................. 1, 3

*Dixon v. C.R. Bard, Inc.,* No. 4:19-CV-4037, 2020 U.S. Dist. LEXIS 199840
    (S.D. Tex. 2020) ................................................................................................................ 5, 6, 7

*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 734, 742 (S.D.Tex. 1998) ............................... 2

*Herbst v. Deere & Co.,* No. 3:21-cv-44, 2021 U.S. Dist. LEXIS 227799 (S.D. Tex. 2021) .......... 8

*Massey v. Novartis Pharms. Corp.*, 46 F. Supp. 36 688 (W.D.Tex. 2014) .................................... 5

*McKay v. Novartis Pharms. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014) ...................................... 5, 6

*Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 622 (5th Cir. 2012) .................................................... 1, 3

*Reed v. C.R. Bard, Inc.*, No. 1:14-CV-359, 2015 U.S. Dist. LEXIS 189503
    (E.D. Tex. 2015) ..................................................................................................................... 5, 7

*Sanchez v. Quiktrip Corp.*, No. 3:18-CV-1337-B, 2019 U.S. Dist. LEXIS 51431
    (N.D. Tex. 2019) ......................................................................................................................... 8

**FEDERAL STATUTES**

FEDERAL RULE OF CIVIL PROCEDURE 9(b) .................................................................................... 2

**STATE CASE LAW**

*Barocio v. GE*, No. 07-12-00311-CV, 2014 Tex. App. LEXIS 37 (Tex. App.—Amarillo
    Jan. 3, 2014, no pet.) ................................................................................................................. 7

*Lara v. Lile*, 828 S.W.2d 536, 542 (Tex. App.—Corpus Christi 1992, writ denied) ..................... 2

*Peters v. Volkswagen Grp. of Am., Inc.*, No. 01-21-00634-CV, 2023
    Tex. App. LEXIS 6546 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. filed) ............. 6, 7

*U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201-02 (Tex. App—Houston
    [1st Dist.] 2003, pet. denied) ..................................................................................................... 5

*Vinson & Elkins v. Moran*, 946 S.W.2d 381, 408 (Tex. App.—Houston [14th Dist.]
    1997, writ dism'd by agr.) ......................................................................................................... 2

*Wilcox v. Hillcrest Memorial Park*, 696 S.W.2d 423 (Tex. App—Dallas 1985) .......................... 7

# I.
# ARGUMENTS AND AUTHORITIES

### A. THE TEXAS DECEPTIVE TRADE PRACTICES ACT CAUSE OF ACTION MUST BE DISMISSED

As set forth in Defendants' Motion to Dismiss, Plaintiff's Third Amended Complaint fails to plausibly state a claim for violation of the Texas Deceptive Trade Practices Act ("DTPA") for a variety of reasons. *See* Dkt. No. 50. Plaintiffs' Response to Defendants' Motion to Dismiss does nothing to explain or otherwise remedy these pleading deficiencies.

*i.   Plaintiffs do not qualify as consumers under the Texas DTPA*

At the outset, it is important to note that Plaintiffs concede the Court's prior ruling that they are not consumers, whether direct or indirect, under the Texas DTPA. The amendments set forth in Plaintiffs' Third Amended Complaint do nothing to affect or alter the Court's prior ruling, particularly given the absence of any new or different facts that would suggest that the connection between Plaintiffs and the transaction at issue was something more than incidental at best. In fact, the only amendment made to Plaintiffs' Third Amended Complaint that touches on Plaintiffs' alleged consumer status is a single, conclusory statement that Plaintiffs are "a third-party beneficiary of the transaction between the City of Dallas and Defendants since the transaction was obviously intended to benefit the general public." *See* Dkt. 50 at p. 7. It is well-established that the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. *See Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 622 (5th Cir. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nor does Plaintiffs' response provide any plausible explanation as to how the amendments to the Third Amended Complaint would affect the Court's prior ruling on this issue. Instead, Plaintiffs continue to suggest, as they did in response to Defendants' prior motion to dismiss, that

the "less lethal" nature of these products means these products are "for the benefit of people like the Plaintiffs". *See* Dkt. 51 at p. 4. In doing so, Plaintiffs fail to consider something that this Court has already noted in its prior ruling: "Nor do Plaintiffs plausibly allege that DPD purchased Defendants' products with the intention of benefiting Plaintiffs rather than furthering the DPD's own law enforcement purposes." Cf., e.g., *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 408 (Tex. App.—Houston [14th Dist.] 1997, writ dism'd by agr.) (retention of counsel to assist in administration of an estate intended to benefit executors, not beneficiaries); *Lara v. Lile*, 828 S.W.2d 536, 542 (Tex. App.—Corpus Christi 1992, writ denied) (employer's acquisition of "safety-conscious" transportation services not primarily intended to benefit plaintiff employee although incidentally providing plaintiff with a safer workplace)." *See* Dkt. 40 at p. 34. The Court's prior rationale remains equally applicable. To the extent Plaintiffs derived a benefit from Dallas Police Department's acquisition of these products, any such benefit is incidental at best and insufficient to confer consumer status.

  ii. *Rule 9(b)'s heightened pleading standard applies and has not been satisfied.*

Texas courts have repeatedly applied the heightened pleading standard of Rule 9(b) to Texas DTPA claims. Indeed, Plaintiffs' response acknowledges as much. *See* FN 2 *citing Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 734, 742 (S.D.Tex. 1998) (applying Rule 9(b)'s heightened pleading standard to Texas DTPA claim). In addition to the single case footnoted by Plaintiffs, there are countless other examples of Texas courts applying the heightened pleading standard to Texas DTPA claims, as set forth in Defendants' Brief in support of the instant motion to dismiss. *See* Dkt. 50, p. 10.

Alternatively, Plaintiffs suggest in their response that the Third Amended Complaint satisfies Rule 9(b)'s heightened pleading standard because it provides the requisite "who, what,

when, where, and how" of the alleged claim. *See* Dkt. 51 at pp. 4-5. Contrary to Plaintiffs' suggestion, a cursory review of the Third Amended Complaint makes abundantly clear that the heightened pleading standard has not been satisfied, and that the amended pleading is based on a "threadbare recital of the elements of a cause of action, supported by mere conclusory statements" which need not be accepted as true. *See Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 622 (5th Cir. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For example, Plaintiffs' Response in opposition contends "Plaintiffs specifically alleged the 'what' – each and every violation of the DTPA committed by Defendants...", however, as discussed in Defendants' Motion to Dismiss, the alleged violations are simply a restatement of the black letter law set forth within the DTPA. *See* Dkt. 50 at p. 11. There are no facts alleged with any particularity in support of these threadbare recitals of the law. Similarly, Plaintiffs' Response in opposition suggests "Plaintiffs made it clear that these misrepresentations were made by Defendants to the City of Dallas and its police officers (the 'who') when the products were sold or otherwise delivered to the City (the 'when' and the 'where'). *See* Dkt 51 at p. 5. Essentially, Plaintiffs argue that simply referring to the parties of a lawsuit is sufficient to satisfy the "who", and that a vague reference to products being sold to the City of Dallas without any frame of reference is sufficient to establish the "when" and "where". This assertion is beyond the pale.

In sum, Plaintiffs' Third Amended Complaint fails to plead any facts with particularity necessary to support their Texas DTPA claim. For this reason alone, the claim must be dismissed.

    iii.   *Plaintiffs have failed to plausibly allege detrimental reliance.*

Plaintiffs' Response to the instant motion devotes a single sentence towards explaining Plaintiffs alleged detrimental reliance: "And Plaintiffs even alleged – contrary to Defendants' motion – their detrimental reliance on these representations made to the City and its police

department (the 'how'). *See* Dkt. 51 at p. 5. Plaintiffs then refer the Court to two paragraphs within their Second[1] Amended Complaint: (i) a narrative of events describing Plaintiff Randi Rogers' attendance at the demonstration in question; and (ii) the conclusory statement that "Plaintiffs relied on the foregoing representations that the Defendant made to the City of Dallas and its police department to Plaintiff's detriment." *See* Dkts. 14 and 47 at ¶¶ 26, 58.

A review of the Third Amended Complaint plainly demonstrates that Plaintiffs have failed to allege any facts – let alone facts alleged with particularity – that would plausibly support the allegation that Plaintiffs, who are not alleged to have been involved in any transaction between the Defendants and the City of Dallas or its police department, somehow relied on any representations in that transaction to their detriment. In fact, there is no allegation that Plaintiffs were even aware of any transaction between Defendants and the City of Dallas or its police department, let alone aware that any such transaction would enable the use of "less lethal" munitions. Moreover, the paragraph cited by Plaintiffs with a narrative of events discussing Plaintiff Randi Rogers' attendance at the demonstration actually suggests that her decision to attend the demonstration had nothing to do with Defendants, the City of Dallas or its police department, or their use or capability to utilize less lethal munitions in crowd control settings. *See* Dkt. 47 at ¶ 26. Instead, the Third Amended Complaint suggests Plaintiff Randi Rogers attended the demonstration because she and her friends wanted to observe and support the protests. *Id*.

Simply put, there is no basis to infer from the Third Amended Complaint that Ms. Rogers, or any other Plaintiff, relied in any way on any representation allegedly made by Defendants to

---

[1] It is unclear whether Plaintiffs' citation to the Second Amended Complaint (as opposed to the Third Amended Complaint) is inadvertent or intentional. Regardless, the paragraphs to which Plaintiffs cite within the Second Amended Complaint are identical to those found in the Third Amended Complaint.

the City of Dallas and its police department. For this reason, in addition to the reasons explained hereinabove, the claim should therefore be dismissed.

>   **B.    THE BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY CAUSE OF ACTION MUST BE DISMISSED**

>   *a. Plaintiffs have not, and cannot, satisfy the requirement of pre-suit notice.*

The burden of alleging and proving proper notice is on the party asserting a claim for breach of implied warranty of merchantability, and the failure to notify the seller of the breach, thereby allowing the seller an opportunity to cure, bars recovery on the basis of breach of warranty. *McKay v. Novartis Pharms. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014).

As Plaintiffs' Response acknowledges, generalized knowledge of some defect is insufficient to establish notice, instead, "[t]he manufacturer must be made aware of a problem with a particular product purchased by a particular buyer." *McKay*, 751 F.3d at 706, *citing U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201-02 (Tex. App—Houston [1st Dist.] 2003, pet. denied); *see also Dixon v. C.R. Bard, Inc.,* No. 4:19-CV-4037, 2020 U.S. Dist. LEXIS 199840 (S.D. Tex. 2020) (granting defendant's motion to dismiss breach of implied warranty claims and noting actual knowledge of the device's tendencies generally is insufficient to establish the pre-suit notice requirement); *Reed v. C.R. Bard, Inc.*, No. 1:14-CV-359, 2015 U.S. Dist. LEXIS 189503 (E.D. Tex. 2015) (granting motion to dismiss for failure to state a cause of action based on failure to provide pre-suit notice because "[t]he manufacturer must be made aware of a problem with a particular product purchased by a particular buyer"); *Massey v. Novartis Pharms. Corp.*, 46 F. Supp. 36 688 (W.D.Tex. 2014) (rejecting the argument that defendant received pre-suit notice based on the receipt of adverse event reports from other claimants because ". . . such generalized notice is not sufficient to satisfy the notice requirement . . .").

Despite the foregoing, Plaintiffs argue that Defendants were somehow on actual notice of defect(s) in the products at issue because "[a]fter all, this was not the only event like this where individuals were seriously injured by Defendants' products. There were similar incidents around the Country involving the very same products that harmed innocent protesters the same way the Plaintiffs were injured here . . ." *See* Dkt. 51 at p. 6. Even if this vague reference to "similar incidents" (which Defendants dispute) was somehow supported, at most it would tend to establish generalized knowledge of the tendencies of these products, which is insufficient to satisfy the pre-suit notice requirement. At no point do Plaintiffs allege that Defendants were made aware of a problem with this particular product purchased by this particular buyer as is required under the law. *See McKay*, supra; *Dixon*, supra.

Alternatively, Plaintiffs suggest that pre-suit notice is not a requirement in breach of implied warranty of merchantability claims involving personal injuries. In this regard, Plaintiffs suggest that the commencement of the lawsuit may provide the requisite pre-suit notice in cases involving personal injuries. *See* Dkt. 51 at pp. 7-8. Plaintiffs' assertion is easily dismissed and bellied by the well-settled case law in this jurisdiction. Indeed, the Fifth Circuit Court of Appeals has affirmatively ruled that "commencement of litigation" does not suffice as pre-suit notice in a breach of implied warranty claim. *See McKay*, 751 F.3d at 706. Even more significantly, *McKay* was a products liability case wherein the plaintiff suffered personal injuries through the use of the defendant's product(s) thus removing any doubt as to whether notice is required in cases involving personal injuries. *Id*. In fact, other Texas courts have also dismissed breach of implied warranty claims based on the failure to provide pre-suit notice in personal injury cases. *Peters v. Volkswagen Grp. of Am., Inc.*, No. 01-21-00634-CV, 2023 Tex. App. LEXIS 6546 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. filed); *Dixon v. C.R. Bard, Inc.,* No. 4:19-CV-4037, 2020 U.S. Dist.

LEXIS 199840 (S.D. Tex. 2020); *Reed v. C.R. Bard, Inc.*, No. 1:14-CV-359, 2015 U.S. Dist. LEXIS 189503 (E.D. Tex. 2015) (granting motion to dismiss complaint where plaintiff failed to allege pre-suit notice was provided and holding that commencement of litigation does not satisfy the pre-suit notice requirement); *Wilcox v. Hillcrest Memorial Park*, 696 S.W.2d 423 (Tex. App—Dallas 1985).

Likewise, the basis for Plaintiffs' contention that pre-suit notice is not required in a personal injury action is misplaced and inherently flawed. Contrary to Plaintiffs' suggestion, the purpose of pre-suit notice is not simply to allow for settlement, rather, the purpose of the pre-suit notice requirement is to provide an opportunity to remedy the defect to the buyer's satisfaction before litigation is commenced or even to inspect the product to ascertain if indeed a defect existed. *Peters,* 2023 Tex. App. LEXIS 6546 at *21; *see also Reed*, 2015 U.S. Dist. LEXIS 189503 at *17 (noting "[t]he policy behind pre-suit notice is to afford the defendant an opportunity to remedy the defect.") Regardless, there is no legal authority to suggest an exception to the pre-suit notice requirement exists based on futility of the notice, and, in fact other Texas courts have expressly rejected similar futility arguments such as the one advanced herein. *Peters*, 2023 Tex. App. LEXIS 6546 at *21-22 (noting "[t]he statute contains no such exception and the [plaintiffs] cite no relevant legal authority for this proposition. For the same reasons, we reject Peters's futility argument."); *Barocio v. GE*, No. 07-12-00311-CV, 2014 Tex. App. LEXIS 37 (Tex. App.—Amarillo Jan. 3, 2014, no pet.) (overruling the appellants' argument that notice should be excused "because, after the fire occurred, notice of the alleged defect would be a useless act").

Plaintiffs have failed to comply with the pre-suit notice requirement necessary to maintain a claim for breach of implied warranty of merchantability, and therefore, this cause of action must be dismissed for this reason alone.

   *b. Plaintiffs have failed to plausibly allege Defendants' products were not merchantable.*

  Plaintiffs' Response makes clear that the breach of implied warranty of merchantability claim as plead hinges on an acceptance of the premise that simply the occurrence of an injury renders the products at issue to be unfit for their ordinary use. As set forth in Defendants' Brief in support of their Motion to Dismiss, this is not the standard in Texas. *See, e.g., Herbst v. Deere & Co.,* No. 3:21-cv-44, 2021 U.S. Dist. LEXIS 227799 (S.D. Tex. 2021) (dismissing breach of implied warranty claim for failure to identify a defect that rendered the product unfit for ordinary use despite the occurrence of injury from use of the product); *Sanchez v. Quiktrip Corp.*, No. 3:18-CV-1337-B, 2019 U.S. Dist. LEXIS 51431 (N.D. Tex. 2019) (same).

  In this regard, Plaintiffs' response conflates the intended purpose of "less lethal" munitions products – for use in crowd control and de-escalating volatile situations – with a potential byproduct of the intended purpose – the potential for injury. *See* Dkt. 51 at p. 9 ("The unmistakable, intended purpose of Defendants' "crowd control" devices are to do just that – control crowds. The intended purpose is not to cause the crowd serious, or even any, injury.")

  Of course, the intended purpose of these products is not to cause injury. Instead, as their name suggests, the intended purpose of these products is to control crowds and other volatile situations without the need to resort to deadly force. The possibility of an injury, albeit a "less lethal" injury, is an inherent risk in using these products. Presumably, it is for this reason the products are termed "less lethal" as opposed to "non-injurious". The occurrence of a known risk in and of itself, however, does not render the product not merchantable. For example, an automobile cannot be said to be unfit for its ordinary use simply because the use of it may result in injury; the burden is still on the user to articulate a mechanical issue or other defect rendering

the automobile unsafe or unfit for its ordinary use. The same logic applies herein. Plaintiffs pleadings once again fail to make any such showing.

## II.

## CONCLUSION

Plaintiffs have repeatedly failed to cure the deficiencies previously identified by this Court and their Response in opposition to the instant motion merely confirms the unavoidable nature of these deficiencies. For the foregoing reasons, Plaintiffs' claim pursuant to the Texas Deceptive Trade Practices Act and claim for breach of implied warranty should be dismissed with prejudice.

## III.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants COMBINED SYSTEMS, INC. and PENN ARMS prays that the Court grant Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint, dismiss all of Plaintiffs' claims with prejudice, and for such other and further relief, at law or in equity, to which Defendants may show themselves to be justly entitled.

Submitted on the 22nd day of December, 2023.

                Respectfully Submitted,

                COOK KEITH & DAVIS
                A PROFESSIONAL CORPORATION

                <u>/s/Darrell W. Cook</u>
                DARRELL W. COOK
                State Bar No. 00787279
                dwcook@cookkeithdavis.com
                STEPHEN W. DAVIS
                State Bar No. 24066792
                stephen@cookkeithdavis.com
                ETHAN M. HERREMA
                State Bar No. 24106088
                ethan@cookkeithdavis.com
                6688 North Central Expressway, Suite 1000
                Dallas, Texas 75206
                (214) 368-4686
                (214) 593-5713 Telecopy

                **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    This is to certify that on this the 22nd day of December, 2023, I electronically filed the foregoing document with the United States District Court for the Northern District of Texas, using the court's electronic case filing system. The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept the Notice of Electronic Filing as service of this document by electronic means.

                <u>/s/ Darrell W. Cook</u>
                DARRELL W. COOK